FILED
2026 Jun-17  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR BEN WILSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 5:26-cv-00079-HDM-NAD |
| | ) | |
| KEVIN TURNER, Sheriff of Madison County, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION

On January 16, 2026, Petitioner Arthur Ben Wilson, Jr., filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Consistent with the usual practices of this court, the petition was referred for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991); N.D. Ala. Local Rule 72.1. For the reasons stated below, the court should dismiss this action without prejudice based on Petitioner Wilson's failure to prosecute.

### DISCUSSION

When Wilson filed his petition, he was detained at the Madison County Jail. Doc. 1 at 1. On April 2, 2026, Respondent Turner filed a response (Doc. 7) to the order to show cause (Doc. 5), and on April 17, 2026, Wilson was ordered to file a reply within 21 days (Doc. 8). When that order (Doc. 8) was sent to Wilson, it was

1

returned to the court by the United States Postal Service as undeliverable as addressed.  Doc. 9.

Consequently, on May 20, 2026, Wilson was ordered to provide the court with his current mailing address, and to inform the court whether he wished to continue prosecuting this action, both within 14 days.  Doc. 10.  Wilson was warned that the failure to comply within 14 days could result in the dismissal of this action.  Doc. 10 at 2.  That order has been returned to the court by the United States Postal Service marked "Return to Sender" and "OOJ" (Doc. 11), which appears to stand for "Out of Jail."

## RECOMMENDATION

For the reasons stated above, this report **RECOMMENDS** that the court **DISMISS** this petition **WITHOUT PREJUDICE** based on Wilson's failure to prosecute.

## NOTICE OF RIGHT TO OBJECT

The petitioner may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within **14 days**.  The petitioner must identify every objectionable finding of fact or recommendation and state the specific basis for every objection.  The petitioner also must identify every claim in the complaint that the report and recommendation has not addressed.  Objections should not contain new allegations, present additional

evidence, or repeat legal arguments.

A petitioner who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the petitioner's objections, a District Judge will conduct a de novo review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The petitioner may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The petitioner may only appeal from a final judgment entered by a District Judge.

**DONE** this June 17, 2026.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE

3